**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS**

| | |
|---|---|
| APRIL HARRINGTON, on behalf of herself and other similarly situated individuals, ) ) ) ) | |
| Plaintiff, ) ) | |
| v. ) ) | Case No. 20 CV 5303 |
| LOUIS DEJOY, Postmaster General of the United States Parcel Service, ROBERT M. DUNCAN, Chairman of the Postal Service Board of Governors, and the UNITED STATES PARCEL SERVICE, ) ) ) ) ) ) ) | |
| Defendants. ) | |

**COMPLAINT FOR INJUNCTIVE AND OTHER RELIEF**

Plaintiff, APRIL HARRINGTON, by her attorney, ARLO WALSMAN of the ARLO LAW OFFICE, hereby brings the following Complaint for Injunctive and Other Relief against Defendants, LOUIS DEJOY, ROBERT M. DUNCAN, and the UNITED STATES PARCEL SERVICE.

**INTRODUCTION**

1. Plaintiff brings this complaint on behalf of herself and other similarly situated individuals to enjoin Defendants from violating her right to vote by unlawfully consolidating post offices in violation of 39 U.S.C. § 404.

**PARTIES, JURISDICTION, AND VENUE**

2. Plaintiff is a resident of Chicago, Cook County, Illinois.

3. Defendant United States Post Office ("USPS") is an independent establishment of the executive branch of the Federal Government. 39 U.S.C. § 201.

1

4. Defendant Louis DeJoy is the postmaster general of the USPS and is sued in his official capacity.

5. As postmaster general of the USPS, Defendant Dejoy is the chief executive officer of the USPS. 39 U.S.C. § 203.

6. Defendant Robert M. Duncan is the chairman of the Postal Service Board of Governors and is sued in his official capacity.

7. This Court has subject matter jurisdiction in this case pursuant to 39 U.S.C. § 409.

8. Venue is proper in this district pursuant to 28 U.S.C. § 1391(e)(1) because a substantial portion of the events giving rise to this suit occurred in Chicago, Illinois and because Plaintiff resides in Chicago, Illinois and there is no real property involved in this action.

## BACKGROUND

### I. Plaintiff's Voting Rights

9. Plaintiff has the lawful right to vote in Illinois under Article III, Section 1 of the Constitution of the State of Illinois.

10. Plaintiff is a lawful registered voter in the State of Illinois.

11. On November 3, 2020, Illinois will hold an election, during which voters will vote for candidates for offices including but not limited to the Presidency of the United States, the United States Senate, the United States House of Representatives, the State House of Representatives, and State Senate.

12. Plaintiff wishes to vote in the upcoming election via USPS mail and has the right to vote by mail under Illinois law.

13. Plaintiff wishes to vote via USPS mail due to concerns that she could contract COVID-19 if she votes in person.

## II. Illinois Mail-In Ballot Law and Procedure

14. In Illinois, elections are administered by 108 local election authorities.

15. Registered voters wishing to vote by mail must apply for a mail-in ballot. 10 ILCS 5/19-3.

16. For voters' votes to be counted, mail-in ballots must be postmarked by Election Day and received by the voter's local election authority within 14 days after the election. 10 ILCS 5/19-8; 10 ILCS 5/18A-15.

## CLASS ALLEGATIONS

17. For purposes of this suit, persons similarly situated to Plaintiff are those persons who have the right to vote under the Illinois constitution and are lawful registered voters in Illinois who intend to vote in the upcoming November 3 election via USPS mail.

18. The proposed class is so numerous that joinder of all members is impracticable.

19. There are common questions of fact and law with respect to the class.

20. Plaintiff's claim is typical to the claim of the class.

21. Plaintiff will fairly and adequately protect the interest of the class.

22. Defendants have acted on grounds that apply generally to the class, so that final injunctive relief and corresponding declaratory relief is appropriate with respect to the class as a whole.

23. Questions of law or fact exist that are common to class members that predominate over any questions affecting only individual members, and a class action is superior to other available methods for fairly and efficiently adjudicating this case.

## COUNT 1

### Violation of 39 U.S.C. § 404

1-23. Plaintiff restates paragraphs 1-23 of her complaint as if fully set forth herein.

24. "The United States Postal Service shall be operated as a basic and fundamental service provided to the people by the Government of the United States, authorized by the Constitution, created by Act of Congress, and supported by the people. The Postal Service shall have as its basic function the obligation to provide postal services to bind the Nation together through the personal, educational, literary, and business correspondence of the people. It shall provide prompt, reliable, and efficient services to patrons in all areas and shall render postal services to all communities." 39 U.S.C. § 101(a).

25. The USPS, prior to consolidating or closing a post office, "shall provide adequate notice of its intention to close or consolidate such post office at least 60 days prior to the proposed date of such closing or consolidation to persons served by such post office to ensure that such persons will have an opportunity to present their views." 39 U.S.C. § 404(d)(1).

26. When determining whether or not to close or consolidate a post office, the USPS shall consider the effect of the closing or consolidation on the community served by such post office. 39 U.S.C. § 404(d)(2).

4

27. Any determination of the USPS to close or consolidate a post office "shall be in writing and shall include the findings of the Postal Service with respect to the considerations required to be made under paragraph (2) of this subsection. Such determination and findings shall be made available to persons served by such post office." 39 U.S.C. § 404(d)(3).

28. Delivery Bar Code Sorting machines ("DBCS machines") process large volumes of envelope mail at post offices, including mail-in ballots.

29. DBCS machines can label and sort tens of thousands of letters per hour, including mail-in ballots.

30. DBCS machines are an essential and vital part of post offices.

31. DBCS machines essential for post offices to fulfill the USPS's mandate under 39 U.S.C. § 101(a) to provide efficient mail services to the people of the United States.

32. On or about August 17, 2020, Defendants removed or dismantled all four DCBS machines from Chicago's main post office at 433 West Harrison Street.

33. On or about August 17, 2020, Defendants removed or dismantled a DBCS machine from a post office at or near O'Hare Airport.

33. On or about July 1, 2020, Defendants removed or dismantled one or more DBCS machines from post offices around the nation.

34. Defendants' act of removing or dismantling DBCS sorting machines constitutes a "consolidation" of a post office under 39 U.S.C. § 404.

35. Defendants' consolidation of post offices is unlawful and in violation of 39 U.S.C. § 404 in that:

5

(a) Defendant USPS did not provide adequate notice of its intent to consolidate a post office at least 60 days prior to the proposed date of the consolidation to persons served by such post office to ensure that such persons will have an opportunity to present their views. *See* 39 U.S.C. § 404(d)(1);

(b) When determining whether or not to consolidate post offices, the USPS did not consider the effect of the closing or consolidation on the community served by such post offices. *See* 39 U.S.C. § 404(d)(2); and

(c) Defendant USPS's decision to consolidate post offices was not made in writing and did not include the findings of the Postal Service with respect to the considerations required to be made under paragraph 39 U.S.C. § 404(d)(2), and its determination and findings were not made available to persons served by such post offices. *See* 39 U.S.C. § 404(d)(3).

36. Defendants' violations of 39 U.S.C. § 404 have directly and proximately caused Plaintiff's voting rights to be placed at risk and infringed, because Plaintiff's mail-in ballots may not be postmarked by November 3, 2020 or received by their election authority within 14 days after the election.

WHEREFORE, for all the foregoing reasons, Plaintiff respectfully asks this Honorable Court for the following relief:

(1) Enter a judgment declaring that Defendants' consolidations of post offices is unlawful and in violation of 39 U.S.C. § 404.

(2) Enter an injunction compelling Defendants to immediately replace or restore the DBCS machines that have been removed or dismantled from post offices.

(3) Enter an injunction barring Defendants from any further removal or dismantling of DBCS sorting machines without first: (1) providing notice of the USPS's intent to close or consolidate any post office at least 60 days prior to the proposed date of the closing or consolidation to persons served by such post offices; (2) when determining whether or not to close or consolidate post offices, to consider the effect of the closing or consolidation on the community served by such post offices; and (3) make any such determination to close or consolidate a post office in writing and to include the findings of the Postal Service with respect to the considerations required to be made under 39 U.S.C. § 404(d)(2).

(4) Enter a writ of mandamus compelling Defendants Dejoy and Duncan to take all actions required for the USPS to provide prompt, reliable, and efficient postal services to patrons in the United States pursuant to 39 U.S.C. § 101(a).

(5) Any other relief deemed fair and just.

Respectfully submitted,

By: /s/ ARLO WALSMAN

Arlo Law Office
Attorney for Plaintiff
161 N. Clark Street, Suite 2500
Chicago, Illinois 60601
Phone: (312) 313-0035
Fax: (312) 724-9771
Arlo@arlolawoffice.com
Attorney No. 6321684